Dismissed and Memorandum Opinion filed May 19, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00325-CR

____________

 

JOSE ARTURO OLIVA-ORTIZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 338th District Court


Harris County, Texas

Trial Court Cause No. 1288480

 



 

MEMORANDUM
 OPINION

Appellant entered a guilty plea to aggravated assault with a
deadly weapon.  In accordance with the terms of a plea bargain agreement with
the State, the trial court sentenced appellant on March 18, 2011, to
confinement for two years in the Institutional Division of the Texas Department
of Criminal Justice.  Appellant filed a pro se notice of appeal.  We dismiss
the appeal. 

Because appellant’s plea was made pursuant to a plea bargain,
he may appeal only matters raised by a written pre-trial motion or with the
trial court’s permission.  See Tex. R. App. P. 25.2(a)(2).  The record does not
contain any pre-trial rulings or grant of permission to appeal.[1]  Accordingly, we dismiss the
appeal.  

 

PER CURIAM

 

Panel consists of Chief Justice
Hedges and Justices Seymore and Boyce.

Do Not Publish — Tex. R. App. P. 47.2(b)









[1]   The
trial court’s certification of the defendant’s right of appeal does not reflect
whether the defendant has the right to appeal.  See Tex. R. App. P. 25.2(a)(2).  We need not have the certification corrected, however,
because the record demonstrates that the defendant has no right of appeal.  See
Dears v. State, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005); see also
Greenwell v. Court of Appeals for
Thirteenth Judicial Dist., 159 S.W.3d
645, 649 (Tex. Crim. App. 2005) (granting mandamus to vacate appellate court’s
order to correct trial court certification, noting that purpose of
certification requirement is to efficiently sort appealable cases from
non-appealable cases).